People v Robinson (2024 NY Slip Op 51679(U))

[*1]

People v Robinson

2024 NY Slip Op 51679(U)

Decided on December 12, 2024

Criminal Court Of The City Of New York, Richmond County

Rajeswari, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2024
Criminal Court of the City of New York, Richmond County

The People of the State of New York

against
Gladstone Robinson, Defendant.

Docket No. CR-006821-23RI

For the Defendant: Yan Katsnelson, Esq.
2550 Victory Boulevard, Suite 304
Staten Island, NY 10314
For the People:
Michael E. McMahon 
District Attorney, Richmond County 
130 Stuyvesant Place
Staten Island, NY 10301 
By: Ashley Travaglione, Esq.

Raja Rajeswari, J.

The defendant was initially charged in a felony complaint with Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[1]), Possession of a Forged Instrument in the Third Degree (Penal Law § 170.20), Obstruction of Governmental Administration in the Second Degree (Penal Law § 195.05), Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01[1]) and Equipment Violation (Vehicle and Traffic Law § 375[12-a[b][2]). Upon the People's application, the lone felony count was dismissed. The defendant now moves to dismiss the accusatory instrument on statutory speedy trial grounds (CPL 170.30[1][e]; 30.30[1][b]). The People opposed this motion. For the reasons stated below, the defendant's motion to dismiss the charges is granted. 

 APPLICABLE STANDARD
CPL 30.30 [7] [c] provides,
Where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor's information or misdemeanor complaint pursuant to article one hundred eighty of this chapter or a prosecutor's information is filed pursuant to section 190.70 of this chapter, the period applicable for the purposes of [*2]subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed.
Here, where the criminal action commenced with the filing of a felony complaint on November 24, 2023 and the accusatory instrument was reduced to a misdemeanor complaint on March 12, 2024, the applicable six-month period is 181 days.

PROCEDURAL HISTORY
The defendant was arrested on November 5, 2023 and arraigned on a felony complaint on November 24, 2023 wherein he was charged with, inter alia, Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[1]), Possession of a Forged Instrument in the Third Degree (Penal Law § 170.20), Obstruction of Governmental Administration in the Second Degree (Penal Law § 195.05) and Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01[1]). The case was adjourned to December 4, 2023 for Grand Jury action. On March 12, 2024, the People moved to dismiss the lone felony count of Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[1]), and retained the remaining misdemeanor counts and traffic infraction. On May 16, 2024, the People served and filed a certificate of compliance ("COC") and certificate of trial readiness ("CTR") by uploading the documents to the New York Unified Court System's Electronic Document Delivery System ("EDDS"). On June 20, 2024, the People stated not ready due to the unavailability of the arresting officer and requested June 21, 2024, however, the case was adjourned to August 14, 2024 for hearings and trial. On August 14, 2024, the People answered ready, however, the defendant answered not ready and the case was adjourned to September 17, 2024 for hearings and trial. On September 17, 2024, both parties answered ready, however, the Court was engaged in trial on an unrelated matter and the matter was adjourned. 
On September 23, 2024, the People filed and served a supplemental certificate of compliance ("SCOC") and CTR via EDDS, disclosing a video from Police Officer Ryan Sipps' cellular telephone concerning the recovered switchblade knife and property clerk invoices or vouchers. On the next day, September 24, 2024, the Court and the parties commenced suppression hearings on the matter. On October 3, 2024, the defendant stated on the record that following the conclusion of the suppression hearings, he would file a motion to dismiss the information due to the People's belated disclosures. Following the conclusion of the hearing, the Court set a motion schedule for the parties to submit memoranda regarding the suppression hearing, as well as the validity of the People's COC. The defendant filed the instant motion on October 30, 2024, and the People responded on November 25, 2024.[FN1]

CERTIFICATE OF COMPLIANCE
The defendant contends that the People's May 16, 2024 COC and CTR are invalid because the People failed to exercise due diligence in ascertaining the existence of mandated discovery and disclose items, specifically a video recording of the recovered switchblade knife taken by the arresting officer and stored on his cellular telephone and voucher forms. The People oppose, arguing that they had exercised due diligence and disclosed all items related to the subject matter of the case as evidenced by their express request for discoverable material to the New York City Police Department ("NYPD"). The People further contend that they were unaware of these materials, however, once aware of their existence, they took prompt steps to disclose the materials. Additionally, the People argue that that the defendant's motion is untimely and had "laid in wait" to file the instant motion. 
Absent "an individualized finding of special circumstances," the People "shall not be deemed ready for trial for purposes until it has filed a proper certificate pursuant to [CPL 245.50(1)]." CPL 245.50(3); see also CPL 30.30(5), 245.20(1), 245.50(1). Further, any CTR "must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20." CPL 30.30(5). Therefore, the filing of a "proper" certificate of compliance is a prerequisite to the People being deemed ready for trial. CPL 245.50(1), (3); People ex rel. Ferro v Brann, 197 AD3d 787 (2d Dept 2021).
The law requires the People to disclose to the defendant "all items and information that relate to the subject matter of the case," that are within or under the People's "possession, custody, or control including but not limited to," the items listed in CPL 245.20(1). Police records related to a prosecution of the charge are expressly deemed to be in the prosecutor's constructive possession. CPL 245.20(2). The People are likewise required to "make a diligent, good faith effort to ascertain the existence of material or information discoverable and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control." Id. Once the People have complied with the mandates of CPL 245.20, the People must certify that "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." CPL 245.50(1).
Accordingly, a proper, good-faith certificate requires the People to certify two things: first, that the People have "exercise[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery," and, second, after having done so, the People have "made available all known material and information subject to discovery." Id. Crucially, the People must exercise due diligence and produce discovery prior to filing their certificate of compliance. See People v Bay, 41 NY3d 200, 212 (2023) (emphasis added).
When reviewing a motion to dismiss pursuant to CPL 30.30 on the grounds that the People failed to exercise due diligence and make reasonable inquiries to ascertain the existence of discoverable material, it is the People who bear the burden of making a clear record "that they [*3]did, in fact, exercise due diligence and [make] reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure." Bay, 41 NY3d at 213 (internal citations omitted). Accordingly, in determining whether the People have exercised due diligence prior to filing their COC, the Court must evaluate the record made by the People in support of their certificate. See People v Hooks, 78 Misc 3d 398, 401 (Crim Ct, Kings County 2023); see also People v Erby, 68 Misc 3d 625 (Sup Ct, Bronx County 2020); People v Knight, 69 Misc 3d 546, 552 (Sup Ct, Kings County 2020); People v McKinney, 71 Misc 3d 1221(A), 2021 NY Slip Op. 50456(U) (Crim Ct, Kings County 2021); People v Adrovic, 69 Misc 3d 563 (Crim Ct, Kings County 2020). 
"If any known discoverable materials were not exchanged prior to the filing of the COC, the prosecution must demonstrate how due diligence was exercised with regard to those items not exchanged. They must detail the reasonable inquiries made to obtain these discoverable materials." People v Winston, 78 Misc 3d 1201(A), 2023 NY Slip Op 50130(U), at*7 (Crim Ct, Bronx County 2023) (citations omitted). If the People fail to make such a record before the Court, "the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed." Bay, 41 NY3d at 213.
Article 245 "does not require or anticipate a 'perfect prosecutor[.]'" Id. at 212. Rather, the People are required "'to make reasonable efforts' to comply with statutory directives." Id. (internal citations omitted). Accordingly, the Court's "analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, will turn on the circumstances presented " and will vary from case to case, however, the determination whether the People have demonstrated due diligence should include, "among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." Id. at 213. Ultimately, these factors are a non-exhaustive list because reasonableness remains the touchstone. Id. at 211-212.
Here, in order to have certified their discovery obligations in good faith, the People were required to exercise due diligence to ascertain the existence of and disclose both "all police reports, notes of police and other investigators, and law enforcement agency reports," (CPL 245.20[1][e]), as well as "[a]ll tapes or other electronic recordings, and a designation by the prosecutor as to which of the recordings under this paragraph the prosecution intends to introduce at trial or a pre-trial hearing" (CPL 245.20[1][g]). There is no dispute that the belatedly disclosed video and police documents are automatically discoverable and deemed to have been in the People's possession (CPL 245.20[2]). Rather, the inquiry here is whether the People have demonstrated to the Court that they exercised due diligence and conducted reasonable inquiries to disclose all discoverable materials. The Court finds that the People have failed to defend their COC.
While the People assert that they filed their certificate in good faith and with due diligence, essential discovery was missing, and the People have failed to put forth a basis for which this Court to find they performed due diligence. The People's SCOC is void of any of details "regarding the basis for the delayed disclosure" (CPL 245.50[1-a]), but rather merely lists the belatedly disclosed materials. Similarly, the People's opposition barely rises above that [*4]threshold, providing that their COC is invalid despite the belated disclosure "because the video was not given to the People when the People requested all outstanding discovery from the NYPD " People's Memorandum of Law on the Validity of the People's Certificate of Compliance, p. 6. 
Although the Court does not discredit the People's statement that the assigned prosecutor was unaware of the video until the arresting officer was prepped for the hearing (id. at pp. 6-7), the People fail to provide any efforts to discover the belatedly disclosed materials from the arresting officer prior to filing their COC. Presumably, the arresting officer was interviewed when the accusatory instrument was drafted, yet the People fail to detail any efforts regarding their efforts to ascertain the existence of discoverable materials at this juncture. Likewise, the arresting officer was presumably once again interviewed prior to the People's application to reduce the charges to a misdemeanor, prior to the date the People actually certified their discovery compliance or prior to their other announcements of readiness on August 14, 2024 or September 17, 2024. However, yet again, the People do not provide any details to the Court. Even the People's defense in their written response fails to provide a sufficient basis for the Court to determine the sufficiency of their certificate. Indeed, the People fail to provide the actual request to the NYPD or their response. While the People acted promptly to disclose the materials once they learned of their existence, they have failed to demonstrate that they took similar efforts to disclose such materials prior to certifying their discovery.
The Court cannot agree that under the specific objection raised by the defendant in these circumstances that the People's reliance upon a generalized request to an unknown third party at the NYPD constitutes a reasonably diligent performance on the part of the prosecution. See People v Mitchell, 228 AD3d 1250, 1256-1257 (4th Dept 2024) (holding that the prosecution's reliance on a prior report prepared by a third party to determine whether discoverable materials existed before filing a COC may have been done in good faith but was nonetheless insufficient to show due diligence). The video at issue was created by the arresting officer on the date of the defendant's arrest, was available when the accusatory instrument was drafted, depicts the officer determining that the recovered weapon is indeed a switchblade knife (an essential element of two of the charges initially brought against the defendant, including the lone felony charge) and should have been "obvious to a prosecutor exercising due diligence." Bay, 41 NY3d at 212.; cf. People v Cooperman, 225 AD3d 1216 (4th Dept (2024) (COC was valid where the materials in question would not have been obvious to the prosecution despite their diligent efforts). However, the People did not disclose the materials until September 23, 2024. Given that the materials constitute automatic discovery, were in possession of law enforcement and, therefore, the People since November 5, 2023, and the People have failed to detail reasonable efforts to obtain it, the Court finds that the People have failed to comply with their discovery obligations and their COC is invalid.
Regarding the belatedly disclosed property clerk invoices, the People do not defend their COC and CTR in arguing that they exercised due diligence prior to their filing. Rather, they argue that the defendant "laid in wait" before filing the motion to dismiss and this Court should deny the defendant's motion as untimely. CPL 245 does not provide an express timeframe by which a motion challenging a COC must be made. However, the statute requires that where the defense is aware of a potential defect or deficiency related to a COC, counsel must "notify or alert the opposing party as soon as practicable" of the defect. CPL 245.50(4)(b). The statute likewise requires that a motion challenging a COC be made "as soon as practicable." CPL [*5]245.50(4)(c). 
Controlling legal authority does not provide a clear deadline when the People must be notified of a deficiency or when the defendant must file a motion challenging the certificate. However, our Appellate Term made clear in People v Jacob that the CPL 255.20 timeline to file pretrial motions does not extend to motions to dismiss and held that where the defendant's motion to dismiss was filed thirty-three days after the People filed their COC was indeed timely. People v Jacob, 83 Misc 3d 134(A), 2024 NY Slip Op 51182(U) (App Term, 2d Dept, 2d,11th and 13th Jud Dists 2024). However, in People v Seymour, the Appellate Term found that when the defendant's first notification of any deficiency in or challenge to the sufficiency of the People's certificate was 72 days after it was filed, the defendant's motion was untimely. People v Seymour, 84 Misc 3d 23, 25 (App Term, 2d Dept, 9th and 10th Jud Dists 2024). Here, the defendant had no knowledge of the deficiency in the People's certificate until the People had disclosed the belated materials on September 23, 2024. While there appears to have been some discussion regarding the belatedly disclosed materials on the date of disclosure, defense counsel stated expressly on October 3, 2024 that he intended to file a motion to dismiss once the suppression hearing ended. Following the conclusion of the suppression hearing on October 3, 2024, a motion schedule was set, and the defendant filed the motion to dismiss on October 30, 2024. Under the circumstances presented herein, the defendant's motion is indeed timely.
As the defendant's motion is timely, the burden shifts to the People to defend their certificate and demonstrate that they did exercise due diligence and make reasonable inquiries prior to filing their certificate. Here, the People have failed to articulate any efforts to disclose the property clerk invoices prior to September 23, 2024 and only claim, incorrectly, that the defendant's objection is untimely. However, the defendant's motion to dismiss is timely and the belatedly disclosed materials constitute automatic discovery within the People's possession. Because the People have failed to "detail the basis for the delayed disclosure" either in a supplemental certificate or motion response (CPL 245.50[1-a]), the People have failed to show that "they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC" (Bay, 41 NY3d at 213 [internal citations omitted]). Accordingly, their certificate is invalid, and the defendant's motion must be granted. People v Wharton, 84 Misc 3d 26 (App Term, 2d Dept 2, 11, 13 Jud Dists 2024) (People failed to show they had exercised due diligence and made reasonable efforts to identify mandatory discovery prior to filing their COC warranting dismissal). 

SPEEDY TRIAL CALCULATION
November 24, 2023 to December 4, 2023. The action commenced on November 24, 2023 when the defendant was arraigned on a felony complaint. The matter was then adjourned to December 4, 2023 where there was no Grand Jury action. The People are charged 10 days for this adjournment.
December 4, 2023 to January 8, 2024. On January 8, 2024, there was no Grand Jury action, and the case was adjourned for Grand Jury action. The People are charged 45 days for this adjournment.
January 8, 2024 to March 4, 2024. On March 4, 2024, there was no Grand Jury action, and the case was adjourned for Grand Jury action. The People are charged 56 days for this adjournment.
March 4, 2024 to March 12, 2024. On March 12, 2024, there was no Grand Jury action. [*6]The People moved to dismiss count 1, Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02[1]) and retained the remaining misdemeanor counts. The People did not file a COC or CTR and the case was adjourned to April 18, 2024 for discovery compliance. The People are charged 8 days for this adjournment.
March 12, 2024 to April 18, 2024. On April 18, 2024, the People did not file a COC or CTR, and the case was adjourned to June 20, 2024 for trial. The People are charged 37 days for this adjournment.
April 18, 2024, to June 20, 2024. On May 16, 2024, the People filed and served a COC and CTR off-calendar, yet answered not ready on the record on June 20, 2024 and requested the following day, June 21, 2024, for hearings and trial. However, because the COC was invalid, the Court finds that the People's CTR dated May 16, 2024 was invalid. The People are charged 63 days for this adjournment.
June 20, 2024, to August 14, 2024. On July 17, 2024, the People answered ready for hearings and trial; however, because a proper COC had not been filed, the Court finds that the People's CTR dated May 16, 2024, remained invalid. The People are charged 55 days for this adjournment.
August 14, 2024 to September 17, 2024. On September 17, 2024, the People and the defendant answered ready, and filed and served an SCOC disclosing property clerk invoices and a video recorded by the arresting officer. However, because the prior COC was invalid and the People's SCOC failed to provide a "basis for the delayed disclosure" (CPL 245.50[1-a]), the People's CTR continued to remain invalid. The People are charged 34 days for this adjournment.
September 17, 2024 to September 24, 2024. On September 24, 2024, the People and the defendant answered ready for hearings, and suppression hearings were commenced. The matter was adjourned to October 3, 2024 for continued suppression hearings. This period is excludable pursuant to CPL 30.30(4)(a). The People are charged 0 days for this adjournment.
September 24, 2024 to October 3, 2024. On October 3, 2024, the suppression hearings were completed. A motion schedule was set, and the case was originally adjourned to November 26, 2024 for decision and, if necessary, preliminary arguments. After the motion schedule was changed on the request of the parties, the matter was rescheduled to December 12, 2024 for decision. This period is excludable pursuant to CPL 30.30(4)(a). The People are charged 0 days for this adjournment.

CONCLUSION
Because the People's certificates were invalid, the accompanying CTRs were illusory. Speedy trial time continued to accrue until hearings were commenced on September 24, 2024. Consequently, the People are charged three hundred and five days. Accordingly, the defendant's motion to dismiss is granted.[FN2]

The foregoing constitutes the order and decision of the court.
Dated: December 12, 2024
Staten Island, New York
E N T E R:
___________________________
RAJA RAJESWARI, A.J.S.C.

Footnotes

Footnote 1:The defendant's motion requested an opportunity to reply to the People's opposition. Defendant's Affirmation, ¶¶ 23, 37. However, the defendant informed the Court and the People on December 5, 2024 via email that he did not wish to file a reply.

Footnote 2:As the defendant's motion to dismiss is granted, the defendant's suppression motion is rendered moot.